IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-40456
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MOISES RAMIREZ-JAMAICA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1738-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Moises Ramirez-Jamaica (Ramirez) appeals his conviction and 46-month sentence for illegal reentry after deportation.

Ramirez first argues that the district court failed to clearly apply the sentencing factors of 18 U.S.C. § 3553(a) and failed to explain its reasons for the sentence imposed. Because Ramirez failed to object on this basis below, we review for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2007), cert. denied, 2008 WL 227315 (June 23, 2008) (No. 07-8978).  Both the Supreme Court and this court have held that, if a sentence is within a properly calculated guidelines range, little explanation is required.  See Rita v. United States, 127 S. Ct. 2456, 2468-69  (2007); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  If the sentence is within a properly calculated guidelines range, it also can be presumed that the sentencing court considered the § 3553 factors.  See Rita, 127 S. Ct. at 2463-65.  In the instant case, the district court's oral statements at sentencing and its written statement of reasons set out the applicable guideline calculations and adopted the presentence investigation report without change; we have held that the requirement that the district court explain the reasons for the sentence imposed "is satisfied when the district court indicates the applicable guideline range and how it is chosen."  United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).  Therefore, Ramirez has not shown that the district court committed plain error.

Ramirez also seeks to preserve for further review an argument that this court's precedent effectively reinstated a mandatory Guidelines scheme.  Because Ramirez did not raise this argument below, review is for plain error.  See United States v. Campos-Maldonado, __ F.3d __, No. 07-20715, 2008 WL 2357364 at *2 (5th Cir. 2008).  As we did in Campos-Maldonado, we conclude that this  argument does not rise to the level of "reversible plain error."  Id.  Furthermore, Ramirez's sentence, at the bottom of the correctly determined guidelines range, is entitled to a presumption of reasonableness that Ramirez has not overcome.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Finally, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Ramirez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the

offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

AFFIRMED.